MICHAEL J. IOANNOU (CA SBN 95208)
michael.ioannou@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113-2429
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

CABRACH J. CONNOR (TX SBN 24036390)
cconnor@taylordunham.com
DAVID E. DUNHAM (TX SBN 06227700)
ddunham@taylordunham.com
TAYLOR DUNHAM AND RODRIGUEZ LLP
301 Congress Avenue, Suite 1050
Austin, TX 78701
Telephone: (512) 473-2257
Facsimile: (512) 478-4409
(*Pro Hac Vice Applications Pending)*

Attorneys for Plaintiff
JUMPSPORT, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUMPSPORT, INC., a California corporation,

Plaintiff,

v.

LEAPS & REBOUNDS and ASHLEY D. SKUTCHES,

Defendants.

CASE NO.

**COMPLAINT FOR 1) PATENT INFRINGEMENT; and 2) UNFAIR BUSINESS PRACTICES, [Cal. Bus. & Prof. Code, § 17200 et seq.], CALIFORNIA FALSE ADVERTISING [Cal. Bus. & Prof. Code, § 17500 et seq.]**

**JURY TRIAL DEMANDED**

Plaintiff JumpSport, Inc. ("JumpSport") files this action against Defendants Leaps & ReBounds and its principal, Ashley D. "Ash" Skutches ("Skutches"), for infringement of U.S. Design Patent No. 680,609 (the "D609 Patent") and for unfair competition and false advertising pursuant to the applicable California Business and Professions Codes. JumpSport seeks preliminary and permanent injunctive relief as well as damages for the injuries it has suffered.

**PARTIES**

1. Plaintiff JumpSport, Inc., is a corporation formed under the laws of California with a principal place of business at 1680 Dell Avenue, Campbell, CA, 95008.

2. Upon information and belief, Defendant Skutches resides in California and is doing business as or under the fictitious business name "Leaps & ReBounds" from a principal place of business at 930 N. San Dimas, San Dimas, California 91773.

3. Defendants make, import, distribute, market, sell and offer to sell the Leaps & ReBounds line of mini-trampoline products that infringe JumpSport's D609 Patent.

4. Defendant Skutches directs the operations of Leaps & Rebounds and knowingly caused, directed, and controlled the acts of infringement whose effects directly injured JumpSport in this judicial district.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the laws of the United States. *See, e.g.,* 35 U.S.C. § 1 *et seq*.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and 1367.

7. This Court has supplemental jurisdiction over JumpSport's unfair competition and false advertising claims brought under California Business and Professions Code pursuant to 28 U.S.C. § 1367(a) because the claims are so related to JumpSport's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts—the marketing and selling of the Leaps & ReBounds products.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendants are deemed to reside in this judicial district, have committed acts of infringement in

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

this district, and have purposely transacted business involving the accused products and materials in this judicial district.

9. This Court has personal jurisdiction over Defendants because (a) each of them, and/or their agents are doing business in this judicial district; and (b) a substantial portion of the events giving rise to this lawsuit, as well as substantial injury to Plaintiff has occurred or will occur in interstate commerce, in the State of California, and in the Northern District of California as a result of Defendants' violations of the asserted patent as alleged in detail below.

10. Defendants and their agents, employees and principals have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. Defendants regularly conduct and/or solicit business in California, engage in other persistent conduct, and/or derive substantial revenue from goods sold and services provided to California residents.

11. Plaintiff JumpSport is informed and believes that each Defendant herein, at all pertinent times hereto, was and is the agent, servant, employee, joint venturer, alter ego, and/or partner of each of the other co-Defendants, with full knowledge, permission and consent of each and every remaining Defendant, and in doing the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification, whether said authority was actual or apparent.

## BACKGROUND

12. JumpSport is a leading provider of trampoline products, including fitness trampolines, also known as "mini-trampolines" and "rebounders." Rebounders are personal trampolines used in gyms, personal training, and home fitness to provide high energy, low-impact, full-body workouts. Rebounders and rebounder workouts have become increasingly popular in recent years.

13. JumpSport is well known in the trampoline industry for its trampoline innovation and

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

safety. Its products have won several awards, been featured on Good Morning America, 20/20, and ESPN, and they appeared in numerous publications, including The Wall Street Journal and USA Today.

14. JumpSport owns numerous patents on its innovative trampoline technologies and, accordingly, is entitled to exclude others, including Defendants, from unauthorized use of JumpSport's patented rebounder technology and/or from palming off its products.

15. Defendants are new to the United States fitness trampoline market. Defendants' website, located at https://leapsandrebounds.com/, describes the rebounder products Defendants market.

16. Defendants offer the Leaps & ReBounds rebounder products to U.S. consumers through Amazon.com and other third-party websites.

17. Defendants elicit favorable product reviews by offering consumers substantial discounts for posting reviews on Amazon.com, but Defendants do not disclose this fact.

18. In a recent social-media promotion, Leaps & ReBounds stated: "if you leave a review, you'll enjoy your new rebounder for 70% off!"

19. Defendants' rebounder copies JumpSport's patented "overlapping petal" skirt design protected by JumpSport's D609 Patent.

| **JumpSport's D609 Patent** | **Defendants' Rebounder** |
|---|---|
|  FIG. 3 |  |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

20. As the images above show, Defendants' rebounder features a skirt that is substantially the same as JumpSport's patented design.

21. Defendants' willful copying supports additional claims, damages, and injunctive relief.

22. Defendants' infringing products appear publicly for sale and are marketed online through sites such as these:

- https://www.amazon.com/Leaps-ReBounds-Bungee-Fitness-Rebounder/dp/B01D3RHJ2S/ref=sr 1 1?ie=UTF8&qid=1471031125&sr=8-1&keywords=leaps+and+ReBounds
- https://www.facebook.com/leapsandrebounds/
- https://www.instagram.com/leapsandrebounds/

23. On November 7, 2016, JumpSport notified Defendants by emailed letter that the Leaps & ReBounds products infringed its D609 Patent.

24. JumpSport never received a response from Defendants, who continue to offer for sale, sell, and otherwise engage in infringing acts violating JumpSport's intellectual property rights.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. D 680,609**

25. JumpSport incorporates paragraphs 1 through 24 herein by reference.

26. JumpSport is the owner, by assignment, of U.S. Design Patent No. 680.609 titled "Rebounder Skirt." A true and correct copy of the D609 patent is attached as Exhibit A.

27. The D609 Patent is valid, enforceable, and was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

28. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiffs in an amount that adequately compensates it for Defendants' infringement, which compensation by law cannot be less than a reasonable royalty together with

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

interest and costs as fixed by this Court under 35 U.S.C. § 284 or the extent of Defendants' total profits under 35 U.S.C. § 289.

29. Defendants' infringement has been, and continues to be, willful, deliberate, and intentional.

30. Defendants have caused Plaintiff substantial damage and irreparable injury by their infringement of the D609 Patent, and Plaintiff will continue to suffer damage and irreparable injury unless and until Defendants' infringement is enjoined by this Court.

**COUNT 2**
**UNFAIR COMPETITION**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

31. JumpSport incorporates paragraphs 1 through 30 herein by reference.

32. Defendants have engaged in unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq. by, among other things: 1) using and/or copying JumpSport's 's proprietary intellectual property 2) employing unfair and deceitful business tactics in order to gain and unfair advantage and; 3) refusing to cease and desist said infringing activities even after being notified of same.

33. Such conduct unfairly competes against JumpSport and caused and will continue to cause damage to JumpSport in the relevant marketplace and/or erode the goodwill and business reputation built by JumpSport.

34. Defendants knew that the conduct described above was improper and that they were unlawfully, unfairly, and fraudulently competing with JumpSport when they sought to and did perform the acts described above.

35. As a direct and proximate result of the unfair conduct by Defendants, and each of them, JumpSport is entitled to recover restitution from Defendants to restore to JumpSport money, profits, and advantages obtained as a result of their wrongful acts as hereinabove alleged.

**COUNT 3**
**FALSE ADVERTISING**
**Cal. Bus. & Prof. Code § 17500 *et seq.***

36. JumpSport incorporates paragraphs 1 through 35 herein by reference.

37. Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices and false advertising. Defendants' acts include deceptive, untrue and misleading advertising regarding their rebounder products. Defendants' representations are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such as to the origin, sponsorship, or approval of their trampoline rebounder products and/or in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of the rebounder products.

38. As a direct and proximate result of the unfair conduct and representations to consumers and the public by Defendants as herein alleged, JumpSport has been damaged in an amount not yet ascertained, and continues to be damaged. These wrongful acts will also have proximately caused and will continue to cause JumpSport substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property. These actions will cause imminent irreparable harm and injury to JumpSport.

39. As a result of wrongful conduct, is entitled to recover from the gains, profits, and advantages has obtained as a result of its wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to JumpSport .

40. Pursuant to Cal. Bus. & Prof. Code § 17203, Defendants may be temporarily and permanently enjoined in order to prevent Defendants from further acts constituting false advertising.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

## NOTICE AND MARKING

41. JumpSport has complied with the statutory requirement of placing a notice of the patents asserted herein on products that it sells and has also provided Defendants written notice of the infringement.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

42. Defendants are hereby notified that they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic records, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things Defendants know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereinafter collective referred to as "Potential Evidence").

43. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources, and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of any and all of Defendants' agents, resellers, or employees if Defendants' electronically stored information resides there.

44. Defendants are hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendants' claims and/or defenses. To avoid such a result, Defendants' preservation duties include, but are not limited to, the requirement that Defendants immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Defendants' electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

**JURY DEMAND**

45. JumpSport hereby demands a trial by jury on all claims, issues, and damages so triable.

**PRAYER**

JumpSport prays for the following relief:

a. That Defendants be required to answer;

b. That the Court enter an order declaring:

   i. That Defendants have infringed United States Design Patent No. 680,609;

   ii. That Defendants' patent infringement has been willful, intentional, and deliberate;

   iii. that this is an exceptional cause under 35 U.S.C. §285;

c. That the Court temporarily and permanently enjoin Defendants, and their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons or entities acting in

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

concert or participation with any of them from further infringement of JumpSport's patent and from further acts of unfair competition and false advertising as described herein;

d. That the Court permanently enjoin Defendants, and their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons or entities acting in concert or participation with any of them from infringing United States Design Patent No. 680,609;

e. That the Court grant JumpSport judgment against Defendants for all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages, including treble damages pursuant to 35 U.S.C. §284 including, if necessary, an accounting of all damages; pre- and post-judgment interest as allowed by law; and reasonable attorneys' fees, costs, and expenses incurred in this action;

f. That Defendants' be ordered to provide restitution for its unfair competition and false advertising as well as disgorgement, and;

g. such further relief to which JumpSport may show itself justly entitled

Dated: November 22, 2016

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael J. Ioannou
MICHAEL J. IOANNOU
Attorneys for Plaintiff
JUMPSPORT, INC.

**JURY DEMAND**

JumpSport hereby demands a trial by jury on all claims, issues, and damages so triable.

Dated: November 22, 2016

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael J. Ioannou
MICHAEL J. IOANNOU
Attorneys for Plaintiff
JUMPSPORT, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# EXHIBIT A

US00D680609S

# (12) United States Design Patent

Publicover et al.

(10) Patent No.: **US D680,609 S**

(45) Date of Patent: ** **Apr. 23, 2013**

(54) **REBOUNDER SKIRT**

(75) Inventors: **Mark W. Publicover**, Saratoga, CA (US); **Jon P. Hylbert**, Los Gatos, CA (US)

(73) Assignee: **Mark W. Publicover**, Saratoga, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/429,633**

(22) Filed: **Aug. 14, 2012**

**Related U.S. Application Data**

(63) Continuation of application No. 29/400,308, filed on Aug. 25, 2011, now abandoned, which is a continuation-in-part of application No. 12/881,486, filed on Sep. 29, 2009, now abandoned, and a continuation-in-part of application No. 12/881,105, filed on Sep. 14, 2009, now abandoned, application No. 29/429,633, filed on Aug. 14, 2012, which is a continuation of application No. 29/400,308, which is a continuation-in-part of application No. PCT/US2010/048820, filed on Sep. 14, 2010, which is a continuation-in-part of application No. 12/881,486, and a continuation-in-part of application No. 12/881,105.

(51) **LOC (9) Cl.** .................................................. **21-02**

(52) **U.S. Cl.**
USPC ........................................................ **D21/797**

(58) **Field of Classification Search** ................. D21/662, D21/672, 673, 675, 676, 686, 690, 691, 692, D21/694, 797, 814; 482/27, 28, 29, 30, 38, 482/51, 52, 53, 79, 80, 142, 146, 147; D6/349, D6/484

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 4,284,271 | A | | 8/1981 | Pettit et al. | |
| 4,331,329 | A | | 5/1982 | Mirkovich et al. | |
| 4,386,772 | A | | 6/1983 | Wu | |
| 4,477,083 | A | | 10/1984 | Sowards | |
| 4,630,816 | A | * | 12/1986 | Hill | 482/27 |
| D304,850 | S | * | 11/1989 | Chambers | D21/797 |
| 5,074,550 | A | * | 12/1991 | Sloan | 482/29 |
| 5,374,225 | A | | 12/1994 | Wilkinson | |
| 5,385,518 | A | | 1/1995 | Turner | |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| KR | 20-0418020 | Y1 | 6/2006 |
| KR | 2008-0066183 | A | 7/2008 |

OTHER PUBLICATIONS

Declaration of Jon P. Hylbert, dated Aug. 16, 2012.

*Primary Examiner* — Susan E Krakower

(74) *Attorney, Agent, or Firm* — Klarquist Sparkman, LLP

(57) **CLAIM**

The ornamental design for a rebounder skirt, as shown and described.

**DESCRIPTION**

FIG. **1** is an oblique view of a first embodiment of a rebounder skirt, as viewed from above and one side.

FIG. **2** is a front elevation view of the rebounder skirt of FIG. **1**, the rear elevation view being identical thereto.

FIG. **3** is an oblique view of a second embodiment of a rebounder skirt, as viewed from above and one side; and,

FIG. **4** is a front elevation view of the rebounder skirt of FIG. **3**, the rear elevation view being identical thereto.

The broken lines showing a rebounder frame and matt illustrate environmental structure which forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**



U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D362,478 | S | | 9/1995 | Wilkinson et al. | |
| D363,325 | S | * | 10/1995 | Wilkinson | D21/797 |
| D379,682 | S | * | 6/1997 | Rafaat | D30/118 |
| 5,645,510 | A | * | 7/1997 | Wilkinson | 482/27 |
| D382,618 | S | | 8/1997 | Gift | |
| 6,001,045 | A | | 12/1999 | Gift et al. | |
| 6,036,620 | A | | 3/2000 | Yang | |
| 6,139,474 | A | | 10/2000 | Gift et al. | |
| 6,162,061 | A | * | 12/2000 | Taylor | 434/253 |
| 6,193,632 | B1 | | 2/2001 | Steger | |
| D440,415 | S | | 4/2001 | Bellini | |
| 6,264,583 | B1 | | 7/2001 | Rich | |
| D504,711 | S | * | 5/2005 | Hsiung | D21/797 |
| D560,082 | S | | 1/2008 | Theemann | |
| 7,494,445 | B1 | | 2/2009 | Chen | |
| D621,185 | S | | 8/2010 | Alvarez | |
| D630,285 | S | * | 1/2011 | Hsiang | D21/797 |
| 8,197,390 | B2 | * | 6/2012 | Ikegami | 482/29 |
| D666,266 | S | * | 8/2012 | Publicover et al. | D21/797 |
| 2001/0000250 | A1 | | 4/2001 | Steger | |
| 2005/0043142 | A1 | | 2/2005 | Rieber | |
| 2005/0054485 | A1 | * | 3/2005 | McDermott et al. | 482/27 |
| 2005/0148433 | A1 | * | 7/2005 | Wang et al. | 482/27 |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4